**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS**

FRANK SARABIA )
)
            Plaintiff, )
)     Civil Action No.  4:18-cv-441-JM
        v. )
)
MATTHEW MANNISTO )
)
          Defendant. )
)

_____

**PLAINTIFF'S STATEMENT IN OPPOSITION TO MOTION TO DISMISS
AND SUPPORTING AUTHORITIES**

Comes now Plaintiff, FRANK SARABIA ("Plaintiff" or "Sarabia"), by and through his attorneys, GILL RAGON OWEN, P.A., and for his Statement In Opposition to Motion to Dismiss and Supporting Authorities, states and alleges as follows:

## I.  INTRODUCTION

The allegations in the Complaint sufficiently demonstrate that this Court has jurisdiction over the parties and an interest in adjudicating the controversy properly before it. While Plaintiff is not an Arkansas resident, he and the companies in which he has an ownership interest conduct business in Arkansas and rely on relationships with commercial mortgage brokers and lending institutions in Arkansas in conjunction with their real estate investment business. While Defendant, Matthew Mannisto (hereinafter, "Defendant" or "Mannisto") does not reside in Arkansas, he purposefully directed the tortious misconduct complained of in the Complaint at this forum, causing Plaintiff damage in this forum, and disrupting Plaintiff's business and contractual relationships in this forum. Therefore, this Court may properly exercise jurisdiction over Defendant and this case. Alternatively, Plaintiff submits that the Court should transfer this

1

matter to United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404 and deny Defendant's Motion to Dismiss.

As discussed in more detail below, there are little similarities between this case and the proceedings pending in state court in Hawaii and the state action will not fully, or even partially, dispose of the claims before this Court. A critical difference in the two proceedings is that Defendant is not a party to the state action in Hawaii. Dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is also not appropriate. The Complaint pleads sufficient facts to allow the Court to draw the reasonable inference that Defendant is liable for libel and, accordingly, Plaintiff's defamation claim is not barred by the one (1) year statute of limitations applicable to claims for slander. A three (3) year limitations period clearly applies to Plaintiff's tortious interference claim and the Complaint's factual allegations of the existence of and interference with valid business expectancies and/or contracts are sufficient at the pleading stage. Defendant's Motion should, therefore, be denied in its entirety. Notwithstanding the foregoing, pursuant to Rule 15(a)(1)(B), Plaintiff files a First Amended Complaint contemporaneously herewith.

A.    **RELEVANT FACTUAL ALLEGATIONS ASSERTED IN THE COMPLAINT**

Plaintiff is a commercial real estate investor and holds a significant ownership interest in a prominent high rise office building located in Little Rock, Arkansas. Compl. ¶ 6. As part of Plaintiff's commercial real estate investment business, Plaintiff and the entities through which Plaintiff conducts business are in continuous need of financing for new acquisitions and refinancing of existing loans. *Id*. ¶ 7. In the commercial real estate industry, the principal's ability to obtain preferred financing is based upon borrower's integrity and honesty which are traits of the utmost importance. *Id*. ¶ 8. Plaintiff's success in commercial real estate is, in part,

attributable to and dependent upon Plaintiff's good reputation and lasting relationships in the industry, including relationships with mortgage brokers and lending institutions. *Id*. At all times material to the Complaint, Plaintiff maintained valid contractual relationships, business expectancies, and relationships with various commercial mortgage brokers in Arkansas, including Deacon Capital Partners, LLC ("Deacon Capital"), as well as lending institutions within Arkansas. *Id*. ¶ 33. Deacon Capital is an Arkansas limited liability company.  *Id*. ¶ 9-12.

In approximately July of 2016, Plaintiff secured a purchase money bridge loan agreement for the acquisition and improvement of certain real property located in Hawaii. Compl. ¶ 9. Sometime at the end of August 2016, Plaintiff also entered into certain agreements with an individual resident of California, Estela Mata ("Mata") regarding the purchase of the property and the refinancing of the purchase money bridge loan. *Id*. ¶ 12. In furtherance of these agreements with Mata and efforts to refinance the purchase money bridge loan, Plaintiff enlisted the services of Deacon Capital. *Id*. ¶ 12. As a commercial mortgage broker and lending correspondent,  Deacon Capital collects borrowers' financial information and delivers relevant information to lending institutions for underwriting and consideration for approval. *Id*.

John Deacon of Deacon Capital obtained a soft approval for a 15-year fixed rate loan based on Plaintiff's strong financials and exceptional credit rating. Compl. ¶ 13. However, while he made several attempts to contact Mata to obtain her company's and personal financial information required to complete the loan application and required underwriting, Mata did not produced the required documentation or responded to Mr. Deacon's inquires. *Id*. ¶ 14. Instead, Defendant made an unsolicited phone call to Mr. Deacon and advised that he represented Mata in relation to the refinancing of the purchase money bridge loan being processed by Deacon Capital in Arkansas. *Id.* ¶ 15-16. Despite serving as Mata's representative in relation to the refinancing

of the loan, Defendant did not provide Deacon Capital with the information necessary for same. *Id*. ¶ 16. Instead, Defendant intentionally published defamatory statements about Plaintiff to Deacon Capital with the intent of preventing and frustrating Plaintiff's efforts to refinance the purchase money loan and to injure Plaintiff's reputation, respect, and goodwill within the commercial real estate industry. *Id*. ¶¶ 9-12, 15-18, 21, 26. Defendant used the information he acquired about Plaintiff's relationships and business expectancies with commercial mortgage brokers, including Deacon Capital, and lending institutions in Arkansas to wrongfully and intentionally interfere with the contractual relationships and business expectancies between Plaintiff and Deacon Capital and lending institutions in Arkansas by directing false, malicious, defamatory statements about Plaintiff to Deacon Capital in Arkansas. Compl. ¶ 34. Defendant's wrongful and intentional interference includes, *but is not limited to*, Defendant's intentional interference with the refinancing of the purchase money loan for the real property located in Hawaii and Plaintiff's ability to obtain loan agreements under the best possible rates available to finance the property. *Id*. ¶ 35.

Due to Defendant's actions, Plaintiff was never able to secure refinancing of the purchase money bridge loan with the assistance of Deacon Capital or otherwise, and Plaintiff suffered harm in Arkansas. *Id*. ¶¶ 22, 29. As a result of Defendant's wrongful interference, Plaintiff's opportunity to refinance the purchase money loan at a substantially lower interest rate was interfered with and disrupted and Plaintiff has, and continues to, pay substantially higher interest rates in conjunction with the financing of the subject real property to this date. *Id*. ¶ 37.

## II.  LAW & ARGUMENT

**A.**    **THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT**

### 1.    Legal Standard

To survive Defendant's Motion, Plaintiff must make a *prima facie* showing that the Court has personal jurisdiction over Defendant. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).  All that is required to survive a motion to dismiss is that a plaintiff "state sufficient facts in the complaint to support the reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).  Jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. *Dakota Indus. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). To the extent the issue of jurisdiction is determined without an evidentiary hearing, the court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party. *Dakota Indus.*, 946 F.2d at 1387.

Specific personal jurisdiction is invoked when the cause of action arises from the defendant's forum related activities. *Bell Paper Box v. U.S. Kids*, 22 F.3d 816, 819 (8th Cir. 1994). When a defendant engages in conduct that is intended to affect commercial activity within a forum and knows the injury will be felt in that forum, he or she must reasonably anticipate being haled into court in that forum to answer for harm caused by such tortious acts. *Duncan v. Harmon*, No. 4:16-CV-00910 BSM, 2017 U.S. Dist. LEXIS 181675, at *14-15 (E.D. Ark. Nov. 2, 2017) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Finley v. River North Recordings, Inc.*, 148 F.3d 913, 916 (8th Cir. 1998))). The "fair warning" requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum state, and the litigation results from alleged injuries that arise out of or relate to those activities. *Hauser v. Sims*, 2012

Ark. App. 295, 5. The lack of physical presence in the forum does not change the outcome. *See Pangaea, Inc.*, 647 F.3d 741, 748 (8th Cir. 2011) ("even though the defendant's sole physical contact with the Arkansas forum was its attempted delivery of the goods in Marion, Arkansas, defendant's total activities directed at the forum were 'purposeful'").

The facts in *Finley v. River North Recordings, Inc.*, 148 F.3d 913, 916 (8th Cir. 1998) are instructive in this case. *Finley* involved a foreign defendant accused of directing fraudulent statements and promotional materials via telephone and mail at a business in Arkansas. 148 F.3d at 914-15. In holding that specific personal jurisdiction over the defendant existed, the United States Court of Appeals for the Eighth Circuit focused on the fraudulent statements directed at and intended to affect commercial activity and cause tortious injury within Arkansas. *Id.* at 916. *See also Kravitz v. Niezgoda*, No. 12-487, 2012 U.S. Dist. LEXIS 135320, at *10 (E.D. Pa. Sep. 20, 2012) (defamatory statements made during a phone call are published where the recipient of the phone call hears the defamatory remarks).

## 2. <u>This Court Has Specific Personal Jurisdiction over Defendant</u>

Here, the Complaint states sufficient facts to support a reasonable inference that Defendant may be subjected to jurisdiction in Arkansas. Defendant's tortious conduct and defamatory statements were purposefully directed towards an Arkansas resident/limited liability company.[1] Defendant published the defamatory statements with the intent of preventing and frustrating the refinancing of a loan brokered by a mortgage broker in Arkansas and to injure Plaintiff's reputation, respect and goodwill within the commercial real estate industry, including Arkansas mortgage brokers and lending institutions. Thus, Defendant intended to affect

---

[1] Defendant asserts in his Brief in Support of Motion to Dismiss that the phone call with Deacon Capital was initiated by Deacon Capital. *See* Defendant's Brief, Dkt # 6, at p. 6. This statement directly contravenes the specific allegations in the Complaint that Defendant initiated the call to Deacon Capital and that Defendant's call was not solicited by Deacon Capital. *See* Compl. ¶¶ 15, 20.

commercial activity within this forum and should have reasonably anticipated being haled into court in Arkansas. Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction should be denied.

**B.**     **THIS ACTION IS NOT PARALLEL TO THE HAWAII PROCEEDINGS AND THE COLORADO RIVER DOCTRINE DOES NOT SUPPORT DISMISSAL**

Defendant's argument that this case should be dismissed pursuant to the *Colorado River* Doctrine ignores significant disparities between the present action and the state court litigation pending in Hawaii (hereinafter, the "Hawaii Action"). Abstention is not appropriate in this case and Defendant's Motion based on the *Colorado River* Doctrine must be denied.

**1.**     **Legal Standard**

Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them even when there is a pending state court action involving the same subject matter. *Mtn. Pure, LLC v. Turner Holdings, LLC*, 439 F.3d 920, 926 (8th Cir.2006) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976)).  A federal court "may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and exceptional circumstances warrant abstention." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534, 2009 U.S. App. LEXIS 16824, *13 (8th Cir. 2009) (citing *Colorado River*). When examining the factors considered in determining whether exceptional circumstances exist for abstention, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Mtn. Pure, LLC*, 439 F.3d at 926 (internal citations omitted). "The threshold question is whether the state and federal proceedings are parallel." *Cottrell v. Duke*, 737 F.3d 1238, 1245, 2013 U.S. App. LEXIS 25071, *16 (8th Cir. 2013) (citing *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527 (8th Cir. 2009)).

In *Cottrell*, the Eighth Circuit Court of Appeals stated the standard applied by the court in considering whether proceedings are parallel:

> In the Eighth Circuit, to be parallel, a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court. When any doubt exists as to the parallel nature of concurrent state and federal proceedings, the district court cannot utilize *Colorado River* to refuse its jurisdiction.

*Id.* 737 F.3d at 1245 (internal quotations and citations omitted).

## 2. This Court Should Not Refuse Its Jurisdiction Pursuant to the Colorado River Doctrine

Here, substantial similarities between the Hawaii Action and this proceeding do not exist and the Hawaii Action will not fully dispose of the claims presented to this Court. First, and foremost, Defendant is not even a party to the Hawaii Action. *See* Affidavit of Frank Sarabia, attached hereto as **Exhibit 1**, at ¶ 3. Furthermore, five (5) parties[2] to the Hawaii Action are not parties in this case. *Id*. ¶ 4. These factors weigh against abstention. The Hawaii Action also involves a number of claims that are not at issue in this case. Specifically, there are sixteen (16) direct claims asserted against Sarabia and 1031 Equity Exchange, LLC by the plaintiff in the Hawaii Action, Superior Homes, LLC. *Id.* ¶ 5. *See also* Complaint attached to Defendant's Motion as **Exhibit 2**. In response to the direct claims, Sarabia and Equity Exchange, LLC asserted eight (8) separate causes of action through a counterclaim and third-party complaint in the Hawaii Action. Sarabia Aff. ¶ 6. *See also* **Exhibit 3** and **Exhibit 4** to Defendant's Motion. While claims for defamation and tortious interference are among those asserted by Plaintiff in the Hawaii Action, said claims are brought under Hawaii law. *Id*. These considerable differences

---

[2] Superior Homes, LLC (Plaintiff), 1031 Equity Exchange, LLC (Defendants and Third-Party Plaintiffs) and Estela Mata, Jose Aquino and Karen Deaquino (Third-Party Defendants).

in the parties and claims asserted in the Hawaii Action undermine Defendant's contention that the proceedings are parallel.

The foregoing disparities are also evidence that Hawaii Action will not dispose of the case before this Court. For example, should Plaintiff successfully prosecute his claims against the counter-defendants and third party defendants named in the Hawaii Action, such success will have no bearing on whether the Defendant in this case is liable to Plaintiff for the independent claims asserted in this case. This is true even if both proceedings are based on identical facts and circumstances as Defendant claims. Defendant's assertion that Plaintiff seeks to recover damages in both lawsuits related to Defendant's purported actions[3] further undermines Defendant's position given that Defendant is not a party to the Hawaii Action and, therefore, his actions are not at issue in the Hawaii Action. The fact that Defendant is not a party to the Hawaii Action suggests that the actual parties to that proceeding do not agree that joinder of Mannisto in the Hawaii Action is needed for just adjudication pursuant to Haw. R. Civ. P. Rule 19[4] and do not feel Mannisto is or may be liable to Plaintiff for all of part of Mr. Sarabia's claims pursuant to Haw. R. Civ. P. Rule 14.[5] Also, to the extent Defendant recovers damages in the Hawaii Action that reduce the amount to which Plaintiff may be entitled to recover in this case, Defendant will be entitled to raise the defense of setoff to account for such a position.

Finally, the factors considered when assessing whether to dismiss or stay an action based on the *Colorado River* Doctrine do not support abstention. First, the case before this Court does

---

[3] *See* Defendant's Brief in Support of Motion to Dismiss, Dkt. # 6, at p. 11.

[4] Providing, generally that a person subject to service shall be joined as a party in the action if, in the person's absence complete relief cannot be accorded among those already parties, or the person claims an interest in the action and is so situated that disposition of the action will impair or impede the person's ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Haw. R. Civ. P. Rule 19(a).

[5] Providing that a defending party may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the plaintiff or the third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff. Haw. R. Civ. P. Rule 14(a).

not involve a res. Accordingly, this factor does not weigh into the "exceptional circumstances" calculation. *See Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops.*, 48 F.3d 294, 297 (8th Cir. 1995). Second, "inconvenience of the federal forum" does not weigh in favor of abstention. Plaintiff conducts business in Arkansas, routinely visits Arkansas, and felt the brunt of the damages stemming from Defendant's tortious acts in Arkansas. The relationships and contracts Plaintiff claims were interfered with were between Plaintiff and businesses in Arkansas. For example, John Deacon of Deacon Capital is in Arkansas. While a Hawaii Action may be pending in Defendant's home state, it does not follow that adjudication in state court in Hawaii is appropriate, or even procedurally possible given that Plaintiff is a defendant and third-party plaintiff in the Hawaii Action. Defendant has not suggested the appropriate procedure by which Plaintiff could simply join Defendant in the Hawaii Action.

Third, adjudicating this action will not result in piecemeal litigation. As stated above, a threshold requirement for application of the *Colorado River* doctrine is that the federal and state cases be sufficiently parallel. In particular, courts have found cases not to be duplicative and involving piecemeal litigation when they involved different parties. *See Allied Nut & Bolt v. NSS Indus.*, 920 F. Supp. 626, 630 (citing *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28, 31 (6th Cir. 1984)).  Fourth, although the Hawaii action was filed prior to this case, its priority in time does not overcome the fact that this case is dealing with a separate party that expressly and deliberately committed tortious acts in the State of Arkansas. Arkansas courts have a much greater interest in hearing cases involving intentional torts directed at this forum and affect in-state business dealings than courts in the State of Hawaii. Therefore, regardless of the timing, this Court has priority and a greater interest in adjudicating this case. With respect to the fifth and sixth factors, Plaintiff's claims arise under the laws of Arkansas and not Hawaii. Thus, while

federal law does not control, this Court is the more appropriate forum to hear Plaintiff's claims brought under Arkansas law.

Based on the foregoing, the narrow and extraordinary exception to the duty of a district court to adjudicate a controversy properly before it should not be applied in this case. Plaintiff submits that, should this Court find that the *Colorado River* Doctrine does apply in this case, the Court should stay this case pending resolution of the Hawaii Action and deny Defendant's Motion to Dismiss. *See Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013) (holding that a court may impose a stay when the *Colorado River* doctrine is at issue if it concludes that such a stay "properly balances the rights of the parties and serves the interest of judicial economy").

## C.   THE COMPLAINT SHOULD NOT BE DISMISSED FOR FORUM NON CONVENIENS

The defendant bears the burden of persuasion with respect to proving all elements necessary for the court to dismiss a claim based on forum non conveniens. *Bacon v. Liberty Mut. Ins. Co.*, 575 F.3d 781, 784 (8th Cir. 2009). Here, Defendant has failed to meet his burden and, consequently, dismissal for forum non conveniens is not appropriate. Alternatively, Plaintiff submits that, should the Court find the interests of justice would be best served if this case were heard in Hawaii, this Court should deny Defendant's Motion and transfer this action to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The doctrine of forum non conveniens allows a court to decline to exercise jurisdiction and dismiss a case when that case would more appropriately be brought in a foreign jurisdiction. 28 U.S.C. § 1404. Courts weigh the private interest factors, which affect the convenience of the

litigants, and public interest factors, which affect convenience of the forum, in determining whether to grant or deny a motion to dismiss based on forum non conveniens. *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 508-09 (1947)).

The private interest factors do not support dismissal. Defendant argues that the litigants' difficulties to access evidence and proof of Plaintiff's claims of damages not located in Arkansas supports dismissal. *See* Dkt. # 6, p. 14. The Eastern District of Arkansas has recognized that, with respect to concerns about access to evidence of damages, "modern technology mitigates [these] concerns greatly, so this factor is not entitled to great weight." *Duncan v. Harmon*, No. 4:16-CV-00910 BSM, 2017 U.S. Dist. LEXIS 181675, at *22 (E.D. Ark. Nov. 2, 2017). What should be entitled to great weight is that a primary witness in this case, John Deacon of Deacon Capital, is an Arkansas resident. *See CSI Tech., Inc. v. Commtest Instruments Ltd.*, No. 08-450 (RHK/JJK), 2008 U.S. Dist. LEXIS 69337, at *14 (D. Minn. Aug. 26, 2008). Furthermore, Plaintiff has continuous and systematic connections with Arkansas stemming from his expansive business endeavors in the forum. Plaintiff's damages regarding the defamatory remarks at issue and interference with Arkansas based contractual relations and business expectancies were felt and are continuing to be felt in the forum. The private interest factors weigh in favor of denying Defendant's motion for dismissal based on forum non conveniens.

The public interest factors also do not support dismissal. *K-V Pharm. Co.*, 648 F.3d at 597. Such factors include court congestion; whether the burden of jury duty is imposed on a community having no relation to the litigation; whether the people of a foreign community are interested in having the litigation resolved locally; and the appropriateness in having the trial of a diversity case in a forum familiar with the applicable state law. *Id.* Here, Arkansas courts have a

keen interest in presiding over cases involving tortious acts that occurred in-state—especially when forum based commercial dealings have been frustrated. Not only is Arkansas the place of the wrong, it is also (as mentioned above) a forum in which Plaintiff has substantial business interests and where a primary witness is domiciled. Hawaii has little interest in presiding over a case that involves defamation and frustrated business dealings that occurred in Arkansas. Defendant's contention that an Arkansas jury will not have any connection with or relation to the litigation is unfounded. An Arkansas jury has a substantial interest in hearing cases involving allegations of intentional disruption of contracts and business relationships in this state.

In light of the foregoing, dismissal of the Complaint on forum non conveniens grounds would be improper. This Court should allow this case to proceed and deny Defendant's motion.

**D.    THE COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)**

**1.    Plaintiff's First Amended Complaint Filed Pursuant to Rule 15(a)(1)(B)**

Plaintiff submits that the Complaint sufficiently pleads facts to support his defamation and tortious interference claims. Notwithstanding this position and the arguments presented below, Plaintiff files a First Amended Complaint contemporaneously herewith pursuant to Fed. R. Civ. P. 15(a)(1)(B). Rule 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), which ever is earlier." *Id*. Here, Defendant's Motion to Dismiss and Answer were both filed on August 9, 2018. *See* Dkt. # 5 and Dkt. # 7. Accordingly, Plaintiff's First Amended Complaint is timely and appropriate.

2.      <u>**Legal Standard For Dismissal Pursuant to Rule 12(b)(6)**</u>

To survive a motion to dismiss under Fed. Rule Civ. P. 12(b)(6), a plaintiff must present a sufficient claim under Rule 8 of the Federal Rules of Civil Procedure and satisfy the principles articulated by the Supreme Court of the United States in the *Twombly* and *Iqbal* decisions. *See* 550 U.S. 544, 555 (2007); 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McShane Constr. Co., LLC v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McShane Constr. Co.*, 867 F.3d at 927 (quoting *Iqbal*, 556 U.S. at 678). The complaint must be construed liberally, any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the plaintiff, *see Twombly*, 550 U.S. at 554-556, and the facts alleged in the complaint must be taken as true. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Accordingly, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is very remote and unlikely. *See id.* The complaint should also "be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A motion to dismiss must be denied unless there is no "reasonable expectation that discovery will reveal evidence" that would enable the trier of fact, after weighing contested evidence and making allowable inferences, to decide the case for the plaintiff. *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.Ct. 1309, 1323 (2011).

### 3.     The Complaint States Sufficient Facts To Support Plaintiff's Defamation Claim

When the allegations of the Complaint are construed liberally and all reasonable inferences are construed in the light most favorable to Plaintiff, the Complaint sufficiently states a claim defamation, including a claim for libel which is subject to a three-year limitations period. *See* Ark. Code Ann. § 16-56-105.

In relevant part, the Complaint alleges that Defendant made "disparaging, defamatory, false, and damaging statements about Plaintiff." Compl. ¶ 24.  While the Complaint describes a specific phone call in which Defendant made disparaging statements about Plaintiff, this should not be interpreted as limiting Plaintiff's claims to the spoken word only as Plaintiff has broadly alleged a claim for defamation, a claim that includes both libel and slander.  In fact, Defendant represents in his Brief in Support that he exchanged written e-mails with John Deacon of Deacon Capital.[6] *See* Dkt. #6, p. 6. Since Plaintiff's allegations could be construed as stating a claim for libel, Defendant's motion with respect to Plaintiff's defamation claim should be denied. *See Johnson v. City of Fort Smith*, 2007 U.S. Dist. LEXIS 15910, *23 (W.D. Ark. March 6, 2007) ("[s]ince dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, and because the allegations as set forth by the plaintiff could come within the exceptions to the separate defendants' timeliness argument, the Court concludes that the motion to dismiss must be denied with respect to Count V.").

In construing the Complaint broadly, and drawing all reasonable inferences in favor of Plaintiff, the Court should apply the three-year statute of limitations to the defamation claim at

---

[6] Supplemental facts may be considered on a motion to dismiss as long as they are consistent with the well-pleaded complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 2007; *see also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1895).

issue. Ark. Code Ann. § 16-56-105(5) (three years for libel); *Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013). Alternatively, Plaintiff respectfully requests that the Court grant him leave to amend his Complaint. *See Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009).

### 4.    The Complaint States Sufficient Facts to Support Plaintiff's Tortious Interference Claim

In Arkansas, a claim for tortious interference is subject to a three-year statute of limitations period and, accordingly, this Court should reject Defendant's contention that this case warrants dismissal of Plaintiff's tortious interference claim based on the running of a one-year limitations period. Defendant's argument that the Complaint fails to adequately state that a contract or business expectancy existed and was disrupted or interfered with by Defendant is also without merit. When the allegations of the Complaint are properly read as a whole instead of parsed and construed in isolation, the Complaint states sufficient facts to survive dismissal under Rule 12(b)(6).

First, the Complaint clearly asserts a separate and distinct claim for tortious interference with contract and business expectancy—a claim that is subject to a three-year limitations period. Ark. Code Ann. § 16-56-105; *Bankston v. Davis*, 262 Ark. 635, 635, 559 S.W.2d 714 (1978). The authorities cited in Defendant's brief do not support applying a one-year limitations period to Plaintiff's interference claim. Defendant's reliance on the decision in *Kassees v.Guy Randolph Satterfield & Satterfield Law Firm, PLC*, 2009 Ark. 91, 503 S.W.3d 42 for the contention that a one-year statute of limitations period applies to Plaintiff's tortious interference claim is misplace. The *Satterfield* case involved consideration of whether the facts alleged in the complaint sounded in a claim for attorney malpractice *or* breach of a written contract. *Id*. at 5. The Supreme Court of Arkansas affirmed the trial court's decision to apply the three-year statute limitations period

16

applicable to claims sounding in attorney malpractice because the facts stated in the complaint "actually alleged attorney malpractice" and not breach of a written contract. *Id*. at 4, 303 S.W.3d 42 at 44. The *Saterfield* case does not stand for the proposition that, when two distinct causes of action with different limitations periods are pled, the shortest limitations period governs both claims. In fact, the Court in *Satterfield* noted that the opposite is true, stating "[i]f two or more statutes of limitations apply to a cause of action, generally the statute with the longest limitation will be applied." *Id*. at 5, 303 S.W.3d at 45. (citing *Sturgis v. Skokos*, 335 Ark. 41, 977 S.W.2d 217 (1998)).

This Court need not construe the allegations in the Complaint to determine whether the "gist of the action" sounds in a claim for defamation or tortious interference. Both causes of action have been clearly and separately stated in the Complaint. Accordingly, Plaintiff's tortious interference claim should stand and Defendant's motion to dismiss should be denied in its entirety.

Next, when all reasonable inferences are resolved in favor of the Complaint, the Complaint sufficiently alleges the existence and disruption of a valid business expectancy. A plaintiff claiming tortious interference is not required to identify the relationship lost as a result of the defendant's alleged improper actions at the pleadings stage. *Capital Equip., Inc. v. CNH Am., LLC.*, 4:04-CV-00381GTE, 2004 U.S. Dist. LEXIS 32012, 2004 WL 3406091, at *9 (E.D. Ark. Sept. 27, 2004) ("Plaintiffs need not prove their case in their complaint"). In *J.D. Fields & Co. v. Nucor-Yamato Steel*, 976 F. Supp. 2d 1051, 1067 (E.D. Ark. Sept. 30, 2013), the Hon. Kristine Baker denied a motion to dismiss asserting similar argument to those presented by Defendant in this case, and stated that "[w]ether [plaintiff] can ultimately prove a valid business expectancy that was disrupted is a question to be addressed at a later stage of the

litigation; its allegations are sufficient for now." *Id*. (citing *Capital Equip., Inc. v. CNH Am., LLC.*, 4:04-CV-00381GTE, 2004 U.S. Dist. LEXIS 32012, 2004 WL 3406091, at *9 (E.D. Ark. Sept. 27, 2004)).

Here, the Complaint specifically alleges that business relationships with Deacon Capital and various commercial mortgage brokers and lending institutions in Arkansas were affected by Defendant's actions and that Plaintiff would have entered into loan agreements and obtained favorable refinancing of the purchase money loan at a substantially lower interest rate. As the result of Defendant's acts of refusing to provide the necessary financial information and making defamatory comments about Plaintiff, has not been able to refinance the loan to this date. Compl. ¶¶ 32-39. These allegations are sufficient under the notice-pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *See J.D. Fields & Co. v. Nucor-Yamato Steel*, 976 F. Supp. 2d 1051, 1067 (E.D. Ark. Sept. 30, 2013). Further, when the allegations of the Complaint are read as a whole, the Complaint sufficiently alleges the existence of and interference with relationships and expected transactions beyond the single loan transaction brokered by Deacon Capital and described in the Complaint. Defendant's conclusion that "Plaintiff had no identifiable loan transaction in process or precise business expectancy with Deacon Capital at the time of Mannisto's purported wrongful actions"[7] requires a narrow reading of the Complaint and consideration of certain allegations in isolation, since at the time of Mannisto's wrongful actions, Plaintiff's loan underwriting was still in process with Deacon Capital, although the soft approval window on the preferred lower rate had already expired.  The narrow reading suggested by Defendant is not the standard to be applied at this stage. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

---

[7] *See* Defendant's Brief in Support, Dkt. # 6, at p. 20.

### III.  CONCLUSION

Plaintiff, Frank Sarabia, respectfully requests that the Court deny Defendant's Motion to Dismiss or, alternatively, transfer this matter to the United States District Court for the District of Hawaii or stay these proceedings pending resolution of the Hawaii Action, and award Plaintiff all other relief to which he may be entitled.

Respectfully submitted,

GILL RAGON OWEN, P.A.
425 W.  Avenue, Suite 3800
Little Rock, Arkansas 72201
(501) 376-3800
(501) 372-3359 (fax)
potts@gill-law.com
whitehouse@gill-law.com

By:   /s/ Danielle M. Whitehouse
      Dylan H. Potts      (Ark. Bar No. 2001258)
      Danielle M. Whitehouse   (Ark. Bar No. 2009192)

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the other parties and the following attorneys of record:

Edwin L. Lowther , Jr.
Wright, Lindsey & Jennings
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
501-371-0808
elowther@wlj.com

    /s/ Danielle M. Whitehouse
    Danielle M. Whitehouse

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

|  |  |  |
|---|---|---|
| FRANK SARABIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  4:18-cv-441-JM |
| v. | ) | |
| | ) | |
| MATTHEW MANNISTO | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AFFIDAVIT OF FRANK SARABIA

Frank Sarabia, after having been duly sworn, hereby states under oath as follows:

1.     My name is Frank Sarabia. I am over the age of eighteen (18) years. I am competent to testify and have personal knowledge of the facts stated in this Affidavit. I give this Affidavit in support of the jurisdictional arguments presented in the *Statement In Opposition to Motion to Dismiss and Supporting Authorities* filed contemporaneously herewith.

2.     I am a party to the litigation pending in state court in Hawaii in the case styled *Superior Homes, LLC v. Frank Sarabia, et al.*, Circuit Court of the Fifth Circuit for the State of Hawaii, Civil Case No. 5CC-17-1-000001 (the "Hawaii Action").

3.     The Defendant in this action, Matthew Mannisto, is not a party to the Hawaii Action.

4.     There are five (5) parties in the Hawaii Action that are not involved in the case before this Court: Superior Homes, LLC (the plaintiff in the Hawaii Action), 1031 Equity Exchange, LLC (a named defendant, counter-plaintiff, and third-party plaintiff in the Hawaii

EXHIBIT 1

Action), Estela Mata, Jose Aquino and Karen Deaquino (the third-party defendants in the Hawaii Action).

5.      There are sixteen (16) false claims asserted against me and 1031 Equity Exchange, LLC by the plaintiff in the Hawaii Action, Superior Homes, LLC.

6.      In response to the direct claims, Equity Exchange, LLC and I asserted eight (8) separate causes of action through a counterclaim and third-party complaint in the Hawaii Action. The claims for defamation and tortious interference that I have asserted in the Hawaii Action were brought pursuant to Hawaii Law.

7.      The Hawaii Action does not involve claims asserted under Arkansas Law.

8.      The Hawaii Action does not involve direct claims on my behalf but, instead, claims that I have asserted as a counter-plaintiff and third-party plaintiff.

9.      The Hawaii Action will not fully dispose of the claims asserted against Matthew Mannisto in this lawsuit.

**FURTHER AFFIANT SAYETH NAUGHT AND SOLEMNLY DECLARES AND AFFIRMS THAT THE CONTENTS OF THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF AFFIANT'S KNOWLEDGE AND BELIEF AND THAT AFFIANT IS COMPETENT TO TESTIFY THERETO.**

This Affidavit is signed as of the 30th day of August, 2018.

Frank Sarabia

STATE OF California      )
                         )ss.
COUNTY OF Los Angeles    )

Subscribed and Sworn to before me on this 30th day of August, 2018.

Notary Public

My Commission Expires: December 27, 2019

ATA ALI TOUSI
COMM. #2138598
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Dec. 27, 2019