IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FRANK SARABIA                                                          PLAINTIFF

vs.                             CASE NO. 4:18-CV-441-JM

MATTHEW MANNISTO                                       DEFENDANT

**DEFENDANT MATTHEW MANNISTO'S REPLY TO RESPONSE TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

    **I.**     **Introduction**

Defendant Matthew Mannisto ("Mannisto") moved to dismiss plaintiff Frank Sarabia's ("Plaintiff") first amended complaint for the following reasons: (1) the Court lacks personal jurisdiction over Mannisto; (2) a parallel state court action is currently pending in Hawai'i which arises out of the same facts stated in the first amended complaint and asserts the same claims for defamation and tortious interference with a contractual relationship; (3) venue is improper based on forum non conveniens; (4) the Arkansas statute of limitations bars any claim for defamation based on the spoken word and any claim for tortious interference derivative of the alleged defamation; and (5) Plaintiff failed to meet the requirements to sufficiently plead a cause of action for tortious interference with a contractual relationship.

In response, Plaintiff attempted to show why this case should continue and not be dismissed in spite of the avalanche of federal law supporting its dismissal. However, Plaintiff cannot overcome the well-established Eighth Circuit and

1716744-v1

Arkansas precedent justifying dismissal of the first amended complaint. As a result, the first amended complaint should be dismissed.

## II. Argument

### A. Plaintiff Cannot Establish Personal Jurisdiction Exists

A plaintiff bears the burden of proving facts which demonstrate personal jurisdiction exists over a defendant. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004). The burden belongs to the plaintiff, alone; it does not shift to the defendant. *Fastpath, Inc. v. Arbela Technologies Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). Once the defendant denies personal jurisdiction, the plaintiff must establish facts that prove the defendant had sufficient minimum contacts with the forum state to confer jurisdiction. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008).

Plaintiff has failed to prove any facts which support the finding of personal jurisdiction over Mannisto. To establish personal jurisdiction, the Eighth Circuit requires a plaintiff to show the defendant's actions: (1) were intentional; (2) were uniquely or expressly aimed at the forum state; and (3) caused harm, the brunt of which was suffered – and which the defendant knew was likely to be suffered – in the forum state. *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010). While Plaintiff claims that personal jurisdiction exists because Mannisto spoke with an Arkansas resident, Plaintiff has not demonstrated Mannisto intentionally aimed any tortious activities at Arkansas, or that he knew his minimal contact with Deacon Capital regarding business dealings in Hawai'i would cause damage in

Arkansas to a commercial real estate investor from California. The crux of Plaintiff's argument rests on the telephone conversation between John Deacon, of Deacon Capital, and Mannisto. *See* Plaintiff's Response to the Motion to Dismiss First Amended Complaint [ECF No. 16], p. 7. However, Mr. Deacon telephoned Mannisto. Mannisto did not solicit or otherwise initiate the communication with Mr. Deacon. Mannisto's Motion to Dismiss Amended Complaint, Exhibit 1, Declaration of Matthew Mannisto [ECF No. 12-1], ¶ 12.

Plaintiff has not met his burden of proof under the Eight Circuit standard. Therefore, Plaintiff has failed to establish that personal jurisdiction exists and the first amended complaint should be dismissed with prejudice.

**B. Parallel State Court Litigation is Pending**

The Court should abstain from hearing this action in favor of the pending Hawai'i Action. The *Colorado River* Doctrine allows the Court to decline to adjudicate a case when a concurrent state court case is pending. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Spectra Communications Group, LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015).

Although Plaintiff contends that the defamation and tortious interference claims brought in the Hawai'i Action are not substantially similar, the allegations which serve as a basis for the causes of action in both cases are fundamentally identical:

29. CC-TP Plaintiff Sarabia is informed and believes and thereon alleges that Mata, Aquino, DeAquino, and their attorney, Matthew Mannisto, initiated a smear campaign in early 2017 or late 2016 against Frank Sarabia, 1031, LLC, and KOVPB, LLC by making false and malicious statements regarding Mr. Sarabia and his character, the 1031, LLC, and KOVPB, LLC, to at least some members of the financial community of mortgage bankers, including but not limited to, John Deacon, of Deacon Capital Partners, in order to distract from their own conduct, and to damage the reputation of CC-TP Plaintiffs, especially Frank Sarabia. They did so to further their agenda of improperly trying to force the Property to be wrongfully/and/or illegally put in the names of parties or entities that had no claim to the Property.

30. As a proximate result of the above-described defamatory statements[1] and legally bullying, Frank Sarabia has suffered loss to his reputation, shame, mortification, hurt feelings, loss of business, in an amount to be proven at trial.

31. Each of the Defendants, either individually, or acting through their attorney, Matthew Mannisto, acted with malice, oppression, and/or fraud, entitling Mr. Sarabia to exemplary and punitive damages.

. . .

56. Defendants and/or their attorney, made one or more statement(s) to at least John Deacon, other than Frank Sarabia.

57. Defendants and/or their attorney reasonably understood that the statement(s) were about Frank Sarabia.

58. Defendants and/or their attorney reasonably understood the statement(s) to mean that Frank Sarabia repeatedly misled people associated with Superior Homes LLC about an LLC transaction, and in essence was stealing their money by repeatedly promising that Superior Homes or someone associated with it would be conveyed a recordable interest in a Kauai property.

59. Defendants and/or their attorney failed to use reasonable care to determine the truth or falsity of the statement(s).

60. Frank Sarabia is entitled to recover his actual damages because the Defendants and/or their attorney will be shown that their wrongful conduct was a substantial factor in causing of the following: a. Harm to Frank Sarabia's property, business, trade, profession, or occupation; b. Expenses Frank Sarabia had to pay as a result of the defamatory statements; c. Harm to Frank Sarabia's reputation; or d. Shame, mortification, or hurt feelings.

> 61. Even if Frank Sarabia does not proved any actual damages for harm to reputation or shame, mortification or hurt feelings, the law assumes that he has suffered this harm. Without presenting evidence of damage, Frank Sarabia is entitled to receive compensation for this assumed harm in whatever sum a jury finds is reasonable.
>
> 62. Frank Sarabia is also entitled to recover damages to punish Defendants and/or their attorney if he proves by clear and convincing evidence that Defendants and/or their attorney acted with malice, oppression, or fraud.

*See* Mannisto's Motion to Dismiss First Amended Complaint, Exhibit 3 [ECF 12-3], ¶¶ 29-31, 56-62.

Further, allowing both this action and the Hawai'i Action to proceed simultaneously poses a legitimate risk for inconsistent results and could allow Plaintiff to recover damages in both lawsuits related to Mannisto's alleged statements. This possibility is the principal factor in determining if the *Colorado River* Doctrine applies. *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Cooperatives, Inc.*, 48 F.3d 294, 297 (8th Cir. 1995). Further, under these circumstances, there is a substantial likelihood that the Hawai'i Action will fully dispose of the claims presented in this federal court action. *Cottrell v. Duke*, 737 F.3d 1238, 1245 (8th Cir. 2013). Therefore, abstention is appropriate and the Court should dismiss Plaintiff's first amended complaint.

## C. This Case Would Be More Appropriately Brought in Another Forum

Under the doctrine of forum non conveniens, a court may dismiss a case if it would be more appropriately brought in another forum. *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 597 (8th Cir. 2011). The purpose of the doctrine is to ensure that the trial is convenient. *Piper Aircraft v. Reyno*, 454 U.S. 235, 266 (1981).

There is no question that trying this matter in Arkansas is inconvenient for both parties. Mannisto is a citizen of Hawai'i and maintains his legal practice exclusively in Hawai'i. Mannisto's Motion to Dismiss First Amended Complaint, Exhibit 1, Declaration of Mannisto [ECF No. 12-1], ¶¶ 3, 12-18, 22-25. Mannisto has no connection to Arkansas. *Id*. Plaintiff is a citizen of California and currently has other legal matters involving these facts pending in Hawai'i. First Amended Complaint (Doc. No. 11), ¶1; Mannisto's Motion to Dismiss First Amended Complaint, Exhibit 3 [ECF 12-3], ¶¶ 56-62. Arkansas has no connection to this case, other than Plaintiff chose to file suit here because Mannisto communicated with John Deacon, an Arkansas resident. Exhibit 1, Declaration of Mannisto, ¶¶ 3, 12-18, 22-25. That connection by itself is insufficient to defeat forum non conveniens.

While Plaintiff contends that Arkansas has a "keen interest" in presiding over cases when "forum based commercial dealings have been frustrated," no such circumstances exist. Plaintiff's Response to Motion to Dismiss First Amended Complaint [ECF No. 16], p. 13. The commercial dealings that were allegedly

7

frustrated concern the refinancing of debt secured by property located in Hawai'i. First Amended Complaint [ECF No. 11], at ¶¶ 9-10. Plaintiff's allegedly "substantial business interests" in Arkansas have no relationship to the causes of action asserted in the first amended complaint. Rather, Plaintiff's real estate holdings and commercial activities in Hawai'i are the only business dealings implicated in the first amended complaint. *Id.* Therefore, the Court should dismiss the first amended complaint due to forum non conveniens.

**D. Plaintiff Has Failed to Plead a Claim for Defamation**

In his motion to dismiss the first amended complaint, Mannisto moved to dismiss Plaintiff's claim for defamation based on slander because the one-year statute of limitations under Arkansas law (which Plaintiff claims governs the claim) has run. In response, Plaintiff acknowledges some of his defamation claim is based on slander. *Id.* at p. 15. Still, Plaintiff maintains that he has sufficiently pleaded a claim for libel, which is subject to a three-year statute of limitations, and therefore his defamation claim should be permitted to continue. *Id.* Plaintiff's defamation claim, even if based on libel, is deficient and should be dismissed.

To maintain a viable claim for defamation, a plaintiff must prove: (1) the defamatory nature of the statement of fact; (2) that statement's identification of or reference to the plaintiff; (3) publication of the statement by the defendant; (4) the defendant's fault in the publication; (5) the statement's falsity; and (6) damages. *Northport Health Servs., Inc. v. Owens*, 356 Ark. 630, 641 (Ark. 2004). A plaintiff must plead specific facts of the defamatory statements made; conclusory statements

that libel occurred will not suffice. *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (Ark. 2002) (affirming dismissal of a defamation claim for failure to plead facts supporting actual damages to reputation as a result of the alleged defamation).

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must set forth factual allegations to support the elements of a claim of defamation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must plead "factual content"; threadbare recitals of the elements of a cause of action are not sufficient. *Id*. With regard to a claim of defamation, the plaintiff must identify specific defamatory statements and plead facts which support actual damage to the plaintiff's reputation; otherwise dismissal pursuant to Fed. R. Civ. P. 12(b))(6) is appropriate. *Steinbuch v. Hachette Book Group*, 2009 WL 963588, at *2 (E.D. Ark. 2009) (relying on *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 957, 69 S.W.3d 393, 403 (Ark. 2002) and *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1011 (8th Cir. 2005)).

In his first amended complaint, Plaintiff's simply states that "[Mannisto] published defamatory statements about Plaintiff . . . through email correspondence sent by Plaintiff [sic] to Mr. Deacon." First Amended Complaint [ECF No. 11], ¶ 18. Plaintiff's first amended complaint fails to identify any specific defamatory statement made by Mannisto via email to John Deacon and contains no factual content of the allegedly defamatory statements made in the email correspondence, only threadbare recitals that email correspondence occurred and that the

9

correspondence contained defamatory statements. *Id*. As a result, Plaintiff has failed to set forth facts upon which relief may be granted for his defamation claim.

In his response, Plaintiff attempts an end-run around this fact-pleading requirement, asserting that his claim for defamation should not be limited to those statements specified in the first amended complaint. Plaintiff's Response to Motion to Dismiss First Amended Complaint [ECF No. 16], p. 15. However, a complaint cannot proceed where it fails to set forth actual facts in support of a claim and instead simply leaves open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *LasikPlus Murphy, M.D., P.A. v. LCA-Vision, Inc.*, 776 F. Supp. 2d 886, 896 (E.D. Ark. 2011) (relying on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007)). Plaintiff has failed to properly plead a claim for defamation. Therefore, his claim for defamation should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### III. Conclusion

For the reasons stated in Mannisto's Motion to Dismiss First Amended Complaint and Brief in Support [ECF Nos. 12, 13] and the reasons stated in this reply, the first amended complaint should be dismissed.

        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, Arkansas 72201-3699
        (501) 371-0808
        FAX: (501) 376-9442
        E-MAIL: elowther@wlj.com


By */s/ Edwin L. Lowther, Jr.*
    Edwin L. Lowther, Jr. (81107)
    Jaimie G. Moss (2012228)
    Attorney for defendant


## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I served the foregoing via Electronic Mail CM/ECF System on the following:

Dylan H. Potts
Danielle M. Whitehouse
Gill Ragon Owen, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, AR 72201

        */s/ Edwin L. Lowther, Jr.*
        Edwin L. Lowther, Jr.