IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

FRANK SARABIA                                                                                          PLAINTIFF

vs.                                      CASE NO. 4:18-CV-441-JM

MATTHEW MANNISTO                                                                                 DEFENDANT

### JOINT RULE 26(f) REPORT

The parties submit the following information as required by Federal Rule of Civil Procedure 26(f) and Local Rule 26.1:

**1. Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a)?**

No.

**2. Date when mandatory disclosures were or will be made.**

Disclosures as listed in Fed. R. Civ. P. 26(a) will be made within two weeks of the filing of this report.

**3. Subjects on which discovery may be needed.**

    a.    Details of and facts relating to the claims asserted by plaintiff.

    b.    Details of and facts relating to defendant's actions involving plaintiff and any applicable defenses.

    c.    Damages (including mitigation).

**4.**     **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

**(a)**     **Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

Yes.

**(b)**     **The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

At this time, the parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Should discovery from such sources be sought, the parties have agreed to confer regarding the scope, cost, and time required for disclosure or production at the time the requests for such information are made.

**(c)**     **The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

The parties have agreed that electronic data will generally be produced in its native format. Electronic data may be produced in paper copies or portable document format (.pdf) files, as long as the data is also preserved in its native format. If production in another format is needed, the responding party will consult with the requesting party regarding the format of the information being provided and attempt to reach an agreement regarding an acceptable format.

  **(d)**  **Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

   Undersigned counsel has instructed their respective clients to preserve potentially discoverable information from alteration or destruction.

  **(e)**  **Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery:**

   None at this time.

  **5.**  **Date by which discovery should be completed.**

   The parties propose a discovery deadline of August 19, 2019.

  **6.**  **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

At this time, the parties do not believe it will be necessary to modify the limitations imposed by the Federal Rules of Civil Procedure. The parties agree that any such modifications can be determined by agreement of the parties. If the parties are unable to agree about the need for and/or terms of such modifications, the party seeking any modification will apply for relief from the Court.

  **7.**  **Any Orders, e.g. protective orders, which should be entered.**

At this time, the parties do not request entry of a protective order. The parties have agreed to confer regarding the need for and terms of any protective order as discovery progresses. If the parties are unable to agree about the need for

and/or terms of a protective order, the parties will comply with the Court's orders for properly seeking the Court's assistance in resolving the dispute.

**8. Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

**9. Any objections to the proposed trial date.**

None.

**10. Proposed deadline for joining other parties and amending the pleadings.**

The parties propose a July 18, 2019 deadline for addition of parties and amendment of pleadings.

**11. Proposed deadline for completing discovery.**

The parties propose a discovery deadline of August 19, 2019.

**12. Proposed deadline for filing motions other than motions for class certification.**

The parties propose a September 11, 2019 deadline for filing dispositive motions, *Daubert* motions, and all other motions except motions in limine, and a November 14, 2019 deadline for filing motions in limine.

**13. Class certification: Proposed deadline for the parties to file a motion for class certification.**

Not applicable.

GILL RAGON OWEN, P.A.
425 West Capitol Avenue, Suite 3800
Little Rock, AR 72201
(501) 376-3800
(501) 372-3559 (fax)
potts@gill-law.com
whitehouse@gill-law.com


By /s/ Danielle M. Whitehouse
    Dylan H. Potts (Ark. Bar No. 2001258)
    Danielle M. Whitehouse (Ark. Bar No. 2009192)
    *Attorney for plaintiff*


WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: elowther@wlj.com


By /s/ Edwin L. Lowther, Jr.
    Edwin L. Lowther, Jr. (81107)
    Jaimie G. Moss (2012228)
    *Attorney for defendant*

5